Filed 7/2/25 P. v. Delange CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>MORGAN TYLER DELANGE,<br><br> Defendant and Appellant. | 2d Crim. No. B331234<br>(Super. Ct. No. YA083919<br>(Los Angeles County) |

Morgan Tyler Delange appeals a resentencing order pursuant to Penal Code section 1172.6.[1] The Attorney General correctly concedes that the trial court erred by redesignating Delange's vacated murder conviction as a conviction for elder

_____

[1] All statutory references are to the Penal Code unless stated otherwise.

abuse, and by imposing sentence enhancements that were neither pled nor proven. (*People v. Arellano* (2024) 16 Cal.5th 457, 471-472; *People v. Fouse* (2024) 98 Cal.App.5th 1131, 1145-1146.) Accordingly, we strike the elder abuse conviction and the enhancements imposed at resentencing, and remand for a new resentencing hearing on the remaining counts. (*Arellano*, at p. 470 [meaning of "remaining charges" – charges that remain, not charges "that *could have been established* by the evidence"]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["full resentencing rule" authorizes trial court to modify every aspect of sentence upon resentencing].)

## FACTUAL AND PROCEDURAL HISTORY
### 2014 Trial and Sentencing

On March 23, 2012, Torrance police officers received an inquiry concerning the welfare of 67-year-old Norman Mangus. A police officer visited Mangus's home that evening and found Mangus's body outside the residence. Zip-ties restrained Mangus's ankles, a cloth belt circled his neck, and a beanie cap was stuffed into his mouth. An autopsy later established that Mangus died from strangulation and had fractured ribs and abrasions. Weeks earlier, Mangus informed a friend that former boarder Joshua Alfano had assaulted him on two occasions and taken cash and jewelry.

Earlier, Delange and Alfano became roommates. They informed a neighbor that they were planning to wear beanie cap masks to rob someone. They also tied the neighbor's feet with zip-ties as a prank.

Following Mangus's murder, police officers executed a search warrant at the Alfano/Delange residence and found Mangus's financial documents, wallet, and automobile

registration, among other things. DNA of Alfano and Delange was found on a glove located near Mangus's body and the beanie cap used to muffle Mangus. Alfano and Delange later sold Mangus's automobile and television set. During police interviews, Alfano and Delange each blamed the other for killing Mangus.

The jury convicted Delange of first degree murder, kidnapping, first degree burglary, second degree robbery, and vehicle theft. (§§ 187, subd. (a), 189, 207, subd. (a), 459, 211; Veh. Code, § 10851, subd. (a).)[2] The jury found the special circumstance allegations of murder committed during the course of a residential burglary or robbery not true. The trial court sentenced Delange to a prison term of 33 years to life, consisting of a 25-years-to-life term for the murder conviction plus an eight-year upper term for the kidnapping conviction. The court imposed sentence for the burglary, robbery, and vehicle theft convictions, but stayed execution of sentence pursuant to section 654. Delange appealed. We rejected arguments based upon *Miranda v. Arizona* (1966) 384 U.S. 436, 479 [16 L.Ed.2d 694, 726] and sentencing, and affirmed. (*People v. Alfano & Delange* (Sept. 26, 2016, B258685) [nonpub. opn.].)

*2019 Resentencing Petition*

On March 13, 2019, Delange filed a section 1172.6 petition for resentencing alleging that his murder conviction rested upon the felony murder or the natural and probable consequences doctrines. The trial court appointed counsel for Delange,

---

[2] The jury convicted codefendant Alfano of first degree murder and found true the special circumstance allegations that Alfano committed the murder during the course of a robbery or burglary.

permitted the parties to file written arguments, and issued an order to show cause. The court denied the petition at the evidentiary hearing stage, finding that Delange was a major participant in the underlying felonies who acted with reckless indifference to human life. In its ruling, the court concluded: "Delange was an equal participant in the killing of victim [Norman] Mangus. Natural and probable consequence instructions were not given to the jury. Both defendants actually and jointly killed the victim, even if the defendant was not the actual killer, his actions and conduct demonstrate that he was a major participant in the killing of victim Mangus. He acted with reckless indifference to Mr. Mangus'[s] life by zip tying Mr. Mangus'[s] unconscious body, carrying that body to the side of his house, . . . [and] he was aware that the victim, Mr. Mangus, was not going to wake up. [Fn. omitted.] (Capitalization omitted.)"[3]

Delange appealed the denial of his resentencing petition and asserted that the trial court was obligated to grant his petition because the jury had found that the special circumstance allegations were not true. The Attorney General conceded based upon section 1172.6, subdivision (d)(2) and recent judicial decisions. (E.g., *People v. Flint* (2022) 75 Cal.App.5th 607, 614.) We reversed the court's order and remanded the matter with directions for the court to vacate the murder conviction and resentence Delange. (*People v. Delange* (Jan. 3, 2023, B312629) [nonpub. opn.].) Our opinion concluded:

"The only theory of murder liability presented at Delange's trial was felony murder. This theory permitted the jury to convict Delange of first degree murder if either he or Alfano [was]

---

[3] The trial judge presided over the underlying jury trial of Delange and his codefendant, Joshua Alfano.

4

the actual killer of Mangus during the burglary or robbery, even if the killing was unintentional. (CALCRIM No. 540B.) The jury was not instructed regarding malice murder.

"At Delange's trial, the prosecution had an opportunity to prove that Delange was a major participant in the underlying felonies who acted with reckless indifference to human life. Jury instructions informed the jury to find the felony-murder special-circumstance allegation true if jurors were satisfied beyond a reasonable doubt that either of two possibilities was true: Delange aided and abetted first degree murder with the intent to kill, or was a major participant in the underlying felonies acting with reckless indifference to human life. (CALCRIM No. 703 [defendant not actual killer].) The court also instructed that the prosecution need not prove that the actual killer acted with the intent to kill or with the reckless indifference to human life to establish the felony murder special circumstance. (*Ibid.*) The jury rejected the special-circumstance theory of murder committed during the course of robbery or burglary. This finding now triggers section 1172.6, subdivision (d)(2). (*People v. Flint, supra*, 75 Cal.App.5th 607, 615.)"

*2023 Resentencing on Remand*[4]

On remand, the trial court vacated the murder conviction and redesignated it as count 9, a conviction for elder abuse that proximately caused the victim's death with personal deadly weapon use (a beanie cap). (§§ 368, subd. (b)(1), (3)(A), 12022, subd. (b)(1).) The court also added elder-victim sentence enhancements for the kidnapping, burglary, and robbery convictions. (§ 667.9, subds. (a) & (c).) Delange's total sentence became 16 years four months' imprisonment.

---

[4] See footnote 3*, ante.*

5

The trial court relied upon section 1172.6, subdivision (e) to redesignate the murder conviction. That section provides: "The petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief pursuant to this section, murder or attempted murder was charged generically, and *the target offense was not charged*." (*Ibid.*, italics added.) The court also relied upon Code of Civil Procedure section 187, which authorizes a court "all the means necessary to carry [its jurisdiction] into effect."

Delange appeals and contends that the trial court erred by redesignating the murder conviction as elder abuse and by imposing sentence enhancements that were not pled or proven at the 2014 trial. The Attorney General agrees.

*DISCUSSION*

Section 1172.6 authorizes a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" (*id.*, subd. (a)) to challenge his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (*Id.*, subd. (c).) This, in turn, requires a showing that, among other things, he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.,* subd. (a)(3).) These statutes, even as amended, still authorize a murder conviction, however, based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

Section 1172.6, subdivision (d)(2) provides a streamlined process for relief, however, where a petitioner has already

6

obtained a factual finding that he "did not act with reckless indifference to human life or was not a major participant in the felony." (*People v. Flint*, *supra*, 75 Cal.App.5th 607, 615; *People v. Ramirez* (2019) 41 Cal.App.5th 923, 932.) In that situation, the trial court "shall vacate the petitioner's conviction and resentence the petitioner." (§ 1172.6, subd. (d)(2).)

Section 1172.6, subdivision (d)(3) requires the trial court to resentence Delange "on the remaining charges" following the vacating of his murder conviction. (*People v. Fouse*, *supra*, 98 Cal.App.5th 1131, 1145.) The parties agree that the target offenses of burglary and robbery were charged and Delange was convicted of both. The redesignation procedure of section 1172.6, subdivision (e) does not apply because the target offenses were charged. (*People v. Arellano*, *supra*, 16 Cal.5th 457, 470; *Fouse*, at p. 1146.) "Indeed, to hold otherwise would avoid the plain meaning of the language of the statute and render meaningless the conditional language of section 1172.6, subdivision (e)." (*Fouse*, at p. 1146.) Our fundamental task is to determine the legislative intent to effectuate the law's purpose. (*Id.* at p. 1145.) Here, given the plain language of section 1172.6, subdivision (e), the court exceeded its statutory authority by redesignating the murder conviction as elder abuse.

In *People v. Arellano*, *supra*, 16 Cal.5th 457, 464, 472-473, our Supreme Court held that after a grant of a section 1172.6 petition, the trial court may not impose sentence enhancements that were not proved at trial. "[T]he limited resentencing procedure under section 1172.6, subdivision (e) does not permit a court to impose a sentencing enhancement or allegation unless the enhancement or allegation was pled and either proven to the trier of fact or by the defendant's admission in open court." (*Id.*

at p. 464.) Here the sentence enhancements added to counts 2, 3, and 4 were not pled and proven and must be struck. (*Id.* at pp. 471-472.)

In view of our discussion, it is not necessary to discuss Delange's remaining contentions, many of which concern the elder abuse redesignation and elder-victim sentence enhancements. These arguments are moot in view of the relief granted by this opinion.

## DISPOSITION

The resentencing order is reversed, and the matter is remanded to the trial court with directions to strike the elder abuse conviction (count 9) and the elder abuse and weapon sentence enhancements. The court shall resentence Delange on the remaining charges of kidnapping, first degree burglary, second degree robbery, and vehicle theft.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

8

Mark S. Arnold, Judge

Superior Court County of Los Angeles

_____

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.